UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARVEY EVANS, JR.,

    Petitioner,

vs.                                    Case No. 2:10-cv-45-FTM-29DNF
                                        Case No. 2:04-cr-03-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. # 118)[1] filed on January 19, 2010. On the same date, petitioner filed a Motion for Permission to File Oversized Brief (Cv. Doc. #2), which was granted by the Court (Cv. Doc. #6). Petitioner then filed a Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence on February 2, 2010 (Cv. Doc. #8). The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #9), to which petitioner filed a Reply (Cv. Doc. #11). Additionally,

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc." The page numbers refer to the upper right corner numbers generated by the Court's CM/ECF.

petitioner filed a Statement of Undisputed Facts (Cv. Doc. #12). Because petitioner is proceeding *pro se*, the Court construes all of his filings liberally. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**I.**

On May 12, 2004, a federal grand jury in Fort Myers, Florida returned a one count Superceding Indictment charging petitioner and co-defendant Jonathan Vance with conspiracy to possess with intent to distribute fifty grams or more of cocaine base, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. (Cr. Doc. #3.) An arrest warrant was issued pursuant to this Superceding Indictment on the same day. (Cr. Doc. # 4.) Defendant was in state custody on unrelated state charges of attempted murder and armed robbery with a firearm (Cr. Doc. #31)[2].

On April 19, 2007, petitioner was arraigned on the federal charge, entered a plea of not guilty, and was detained without bond. (Cr. Doc. #47.) On January 14, 2008, petitioner entered a plea of guilty to the charge without a plea agreement, which was accepted by the Court on January 16, 2008. (Cr. Docs. ##81; 87, p. 14.)

A sentencing hearing was conducted on June 9, 2008. (Cr. Doc. #105.) At sentencing, the Court determined that petitioner was a

---

[2]According to petitioner's attorney at sentencing, petitioner went to trial on these state charges and was acquitted. (Cr. Doc. #105, p. 20.)

career offender whose total offense level was 34 and criminal history category was VI. (Cr. Doc. #105, p. 18.) This resulted in a Sentencing Guidelines range of between 262 and 327 months imprisonment. (Cr. Doc. #105, p. 18.) The Court sentenced petitioner to 200 months imprisonment based upon a variance pursuant to Kimbrough v. United States, 552 U.S. 85, 91 (2007), and 60 months of supervised release. (Cr. Doc. #105, pp 25-26; Cr. Doc. #89.)

Petitioner filed a Notice of Appeal to the Eleventh Circuit Court of Appeals. (Cr. Doc. #90.) The Eleventh Circuit affirmed petitioner's conviction and sentence on March 17, 2009. (Cr. Doc. #113; United States v. Evans, 319 F. App'x 819 (11th Cir. 2009)). No petition for a writ of certiorari was filed with the United States Supreme Court. On January 19, 2010, petitioner filed this timely § 2255 motion.

On June 9, 2010, the government filed a Motion for a Downward Departure of the Defendant's Sentence Based Upon Substantial Assistance. (Cr. Doc. #124.) On August 10, 2010, the Court granted the government's motion, and reduced petitioner's sentence to 138 months imprisonment. (Cr. Doc. #125.) The Amended Judgment (Cr. Doc. #126) was entered on August 11, 2010.

## II.

Petitioner sets forth the following ineffective assistance of counsel claims in his § 2255 Motion and supporting documents: (1)

ineffective assistance of counsel during the plea process when counsel failed to timely investigate and negotiate for a favorable plea agreement (Ground One) (Cv. Doc. # 1; Cr. Doc. # 118, pp. 5, 13-14); (2) ineffective assistance of counsel during the sentencing process when counsel failed to (a) object or preserve an objection to the crack cocaine/powder cocaine sentencing ratio, with its Eighth Amendment implications (Ground Two) (id. at 6, 12-16), and (b) move for a downward departure or adjustment in petitioner's sentence due to his extensive cooperation with state law enforcement authorities in the investigation and prosecution of a murder case (Ground Three) (id. at 7, 16-17); and (3) ineffective assistance of counsel during the entirety of the proceedings due to the cumulative impact of multiple deficiencies and errors and conflict of interest (Ground Four) (id. at 8, 17-18).  Petitioner also asserts that his conviction and sentence violate the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution (Ground Five).  For the reasons set forth below, none of the claims are meritorious.

**A. Evidentiary Hearing, Discovery, Appointment of Counsel**

The Court will first address the three preliminary issues raised by petitioner, the need for an evidentiary hearing, discovery, and the appointment of counsel.

**(1) Evidentiary Hearing**

The Court finds that petitioner has not established an entitlement to an evidentiary hearing. A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . " 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner was not provided ineffective assistance of counsel and his conviction and sentence do not violate the United States Constitution. Therefore, the Court finds that an evidentiary hearing is not warranted in this case, and his motion for an evidentiary hearing is denied.

**(2)  Discovery**

The Court may, "for good cause," authorize discovery by a petitioner in a § 2255 proceeding. Rules Governing Section 2255 Proceedings for the United States District Courts 6(a). As in a §

2254 proceeding, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Isaacs v. Head, 300 F.3d 1232, 1248 (11th Cir. 2002)(quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Issacs, 300 F.3d at 1248 (citing Bracy, 520 U.S. at 908-909)(quotations marks and citation omitted). Petitioner has failed to demonstrate "good cause" under Bracy because he has failed to present allegations that, if more fully developed, may be able to demonstrate that he is entitled to relief. Therefore, petitioner's motion for discovery is denied.

**(3)  Appointment of Counsel**

Lastly, petitioner requests appointment of counsel in connection with an evidentiary hearing and discovery. Because his motions for an evidentiary hearing and for discovery are denied, petitioner's motion for appointment of counsel to assist at an evidentiary hearing and during discovery is denied as moot. Petitioner is not otherwise entitled to appointment of counsel in this case. "[T]here is no federal constitutional right to counsel in postconviction proceedings." Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006). "Counsel must be appointed for an indigent

federal habeas petitioner only when the interests of justice or due process so require." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). No such showing has been made in this case.

**B. Ineffective Assistance of Counsel Claims**

    **(1) General Principles**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). A court need not address both prongs of the Strickland test, however, if a petitioner makes an insufficient showing as to either prong. Dingle v. Sec'y for the Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct.

13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

**(2) Claim One:  Plea Negotiations**

Petitioner argues that his attorney provided ineffective assistance during plea negotiations with the government by failing to seriously investigate, explore, or attempt to negotiate a favorable plea agreement and keep him advised of any opportunities for such a favorable plea agreement.  Specifically, petitioner asserts that he was not informed that he could enter a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), which would have required the Court to be bound by the terms of the agreement and could have included a provision for credit for cooperating in the state investigation and prosecution of a murder. (Cv. Doc. #1, pp. 13-14.)

It is certainly true that a criminal defendant has a Sixth Amendment right to effective assistance of counsel during plea discussions with the government, Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012), and has a Sixth Amendment right to have formal plea offers from the government communicated accurately by counsel, Frye, 132 S. Ct. at 1408.  A defendant has no constitutional right, however, to receive a plea offer from the government. Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977); United States v. Pleasant, 730 F.2d 657, 664 (11th Cir. 1984).  The Court finds neither deficient performance nor prejudice under Strickland in this case.

The Federal Rules of Criminal Procedure allow the government and the defendant's attorney to discuss and reach a plea agreement, but precludes the court from participating in such discussions. Fed. R. Crim. P. 11(c)(1). A resulting plea agreement may specify that an attorney for the government will either not bring or move to dismiss other charges, Rule 11(c)(1)(A); recommend, or agree not to oppose the defendant's request that a particular sentence or sentencing range is appropriate, or that a particular provision of the Sentencing Guidelines, policy statement, sentencing factor does or does not apply, although such a recommendation or request does not bind the court, Rule 11(c)(1)(B); or "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply", but such a recommendation or request binds the court only once the court accepts the plea agreement, Rule 11(c)(1)(C). As the Supreme Court has stated:

> Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court "once the court accepts the plea agreement," but the governing policy statement confirms that the court's acceptance is itself based on the Guidelines. See USSG § 6B1.2. That policy statement forbids the district judge to accept an 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range. The commentary to § 6B1.2 advises that a court may accept an 11(c)(1)(C) agreement "only if the court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons." Cf.

> Stinson v. United States, 508 U.S. 36, 113 S. Ct. 1913, 123 L. Ed. 2d 598 (1993) (Guidelines commentary is authoritative). Any bargain between the parties is contingent until the court accepts the agreement. The Guidelines require the district judge to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea.

Freeman v. United States, 131 S. Ct. 2685, 2692 (2011). As the government notes (Cv. Doc. #9, p. 10), the government does not offer and the undersigned does not accept plea agreements which contain a Rule 11(c)(1)(C) provision. There was neither deficient performance nor prejudice when counsel did not obtain a plea agreement that would not have been accepted by the Court. Additionally, the Court utilized a variance and the government's Rule 35 motion to account for all possible sentence reductions. (Cr. Docs. #124, 125.)

**(3) Claim Two: Crack Cocaine/Powder Cocaine Ratio**

In Ground Two, petitioner contends he received ineffective assistance because his attorney did not object to petitioner's sentence or otherwise preserve an objection for appellate review based upon "the 100:1 crack cocaine/powder cocaine ratio" being a violation of the Eighth Amendment to the United States Constitution, and did not request a downward variance or adjustment under 18 U.S.C. § 3553(a). Petitioner argues that the failure to object also resulted in a different standard of review being used by the Eleventh Circuit in its review of petitioner's argument.

-11-

First, an attorney is not ineffective for failing to make or preserve a futile argument. The Eleventh Circuit has consistently upheld the constitutionality of the former 100-to-1 crack-to-powder ratio for sentencing purposes. See, e.g., United States v. Hanna, 153 F.3d 1286, 1288-89 (11th Cir. 1998) (the sentencing disparity between crack and powder cocaine does not violate a defendant's substantive due process or equal protection rights); United States v. Byse, 28 F.3d 1165, 1168-70 (11th Cir. 1994) (sentencing disparity does not violate the Equal Protection Clause); United States v. King, 972 F.2d 1259, 1259-60 (11th Cir. 1992); United States v. Solomon, 848 F.2d 156, 157 (11th Cir. 1988) (mandatory minimum provisions for crack cocaine do not violate the Eighth Amendment). Thus, the prior ratio did not violate the Constitution, United States v. Coleman, 416 F. App'x 41, 43 (11th Cir. 2011), and there was no ineffective assistance of counsel in failing to challenge the constitutionality of the ratio. The use of the plain error standard on appeal had no impact on the issue because the issue was without merit under any standard. E.g., United States v. Greer, 440 F.3d 1267, 1272 (11th Cir. 2006) (failure to make motion for judgment of acquittal not ineffective assistance of counsel where it did not matter because the evidence was sufficient to convict defendant).

Second, there was no ineffective assistance of counsel because the Sentencing Guidelines range was not determined by the amount of

crack cocaine, but by petitioner's status as a career offender. Evans, 319 F. App'x at 821. Petitioner's attorney recognized at sentencing that even retroactive amendments to the Sentencing Guidelines concerning crack cocaine do not reduce a sentence for a career offender. (Cr. Doc. #105, pp. 5, 16.) See generally United States v. Lawson, 686 F.3d 1317 (11th Cir. 2012).

Third, defense counsel did obtain a variant based upon the disparity in the crack/powder ratio. The Court expressly considered the crack/powder disparity at sentencing, pursuant to its authority under Kimbrough. (Cr. Doc. #105, pp. 25, 27.)

Petitioner has failed to establish that counsel failed to perform in an objectively reasonable way, or that he suffered any prejudice. The Court accordingly denies petitioner relief based on Ground Two.

**(4) Ground Three: Petitioner's Cooperation in State Case:**

In Ground Three of his § 2255 motion, petitioner contends that the failure of his attorney to move for a downward adjustment or departure due to his extensive cooperation with state law enforcement authorities on a murder investigation and prosecution constituted ineffective assistance of counsel. (Cv. Doc. #1; Cr. Doc. # 118, pp. 7, 10, 12, 14, 16; Cv. Doc. #8, pp. 26, 27, 36; Cv. Doc. #11, pp. 6, 7, 9, 11; Cv. Doc. #12, 1.)

The record clearly establishes, and petitioner concedes (Cr. Doc. #125; Cv. Doc. #11, p. 6), that petitioner's cooperation with

the state authorities was not complete at the time of his guilty plea or his sentencing. After his cooperation was complete, the United States filed the appropriate motion and petitioner receive a substantial reduction in his sentence based on his now-completed cooperation with state authorities. Petitioner has not pointed to anything else that would suggest he was entitled to, or was likely to receive, an even greater sentence reduction. The Court concludes that petitioner's contention fails to establish either deficient performance or prejudice under <u>Strickland</u>. Petitioner is therefore not entitled to relief on Ground Three.

**(5)   Ground Four:   Miscellaneous Deficiencies by Counsel**

In Ground Four, petitioner alleges the following deficiencies by his attorney: (1) Failure to move to suppress evidence; (2) failure to move to dismiss indictment; (3) failure to investigate and present potentially exculpatory evidence at sentencing; (4) failure to object to false and unreliable evidence used to determine the Sentencing Guidelines range; (5) failure to move for a downward departure or variance at sentencing pursuant to 18 U.S.C. § 3553(a); (6) failure to present the best and strongest issues on appeal or preserve issues for collateral review; and (7) the impact of the cumulative effect of the errors. (Cv. Doc. #1; Cr. Doc. # 118, pp. 17-18.) Petitioner further states that his counsel operated under an actual conflict of interest because "Counsel owed a 'duty' other than to Mr. Evans. This duty was in

conflict with the duty owed to Mr. Evans. Counsel chose between those duties. This choice adversely affected the performance of counsel. . . ." (Cv. Doc. #1, p. 18; Cr. Doc. # 118, p. 18.)

Nowhere in the his § 2255 Motion or supporting documents does petitioner point to specific instances in the record or make factual showings to substantiate either his attorney's deficiencies or inconsistent interests. Such conclusory allegations are insufficient to justify relief. Additionally, petitioner stated he was satisfied with his attorney through the guilty plea. (Cr. Doc. #87, pp. 4-5.) Further, the record establishes that there was no ineffective assistance of counsel for the reasons alleged. As to the sentencing issues, the record reflects that counsel was, in fact, active in addressing a number of the factors mentioned by 18 U.S.C. § 3553 at the sentencing hearing. Among these factors addressed by counsel were: petitioner's background and circumstances (18 U.S.C. § 3553(a)(1); Cr. Doc. #105, pp. 18-20); the justice of petitioner's sentence (18 U.S.C. § 3553(a)(2)(A); Cr. Doc. #105, pp. 20-22); and the avoidance of disparity between petitioner's sentence and those of other, similarly situated defendants (18 U.S.C. § 3553(a)(4)(6); Cr. Doc. #105, p. 20). After consideration of the factors, petitioner received a sentence that was below the suggested guideline range. (Cr. Doc. #105, pp. 25, 27.) Since petitioner's allegations either fail to provide any reasonable specificity or are refuted by the record, petitioner has

failed to establish violation of Strickland's performance prong. Accordingly, the Court denies petitioner relief based on Ground Four.

**(6)   Ground Five:   Various Constitutional Violations**

Petitioner alleges in a conclusory fashion that his conviction and sentence violates the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. The record establishes that none of these constitutional provisions were violated in this case.

Accordingly, it is now

**ORDERED:**

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #118) is **DENIED** as to all claims for the reasons set forth above.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009).   "A [COA] may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Petitioner
AUSA